CV 12 - 6398

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
==================================================X

CAROLYN BROWN and MARLON BOBBITT,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, P. O. JONATHAN EGGERS
(Tax Registry No. 940122) OF THE 100 POLICE COMMAND,
DETECTIVE GARY MAZZEI (Tax Registry No. Unknown at
this Time) OF THE 101 POLICE COMMAND, POLICE
OFFICERS "JOHN DOE" 1-3 SAID NAMES BEING
FICTITIOUS AND PRESENTLY UNKNOWN, THE OFFICE
OF THE DISTRICT ATTORNEY OF QUEENS COUNTY,
DISTRICT ATTORNEY RICHARD A. BROWN,
ASSISTANT DISTRICT ATTORNEY "JOHN DOE", AND
TOQUANA BAKER,

                Defendants.
==================================================X

KUNTZ, J.

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

POHORELSKY, M.J.

Plaintiffs, CAROLYN BROWN and MARLON BOBBITT, by and through their

attorneys, **THE LAW OFFICES OF PAMELA S. ROTH, ESQ., P.C.** as and for his Verified

Complaint herein, complaining of the defendants herein, respectfully shows the Court and

alleges:

## PRELIMINARY STATEMENT

    1.    This civil rights action arises from the defendants Police officers' unlawful and

improper detention, improper arrest and false imprisonment and harassment of plaintiffs

CAROLYN BROWN and MARLON BOBBITT, assault of plaintiff CAROLYN BROWN on

January 30, 2010, the denial of medical care and treatment to plaintiff CAROLYN BROWN and

the subsequent malicious prosecution of plaintiffs CAROLYN BROWN and MARLON

BOBBITT by defendants which ended by the dismissal of all charges on June 15, 2010.

2.      Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for violation of plaintiffs' civil rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988. Plaintiffs, CAROLYN BROWN and MARLON BOBBITT, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The Plaintiffs seek damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1343 and 42, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

4.      Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5.      The Plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

6.      Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c) as the incident took place in the County of Queens which is located in the Eastern District of New York.

## FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

7.      Plaintiff CAROLYN BROWN (hereinafter "BROWN") is and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

8.      Plaintiff MARLON BOBBITT (hereinafter "BOBBITT") is and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

9.      That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK was a corporation doing business in the State of New York.

11.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK operated a police department as part of and in conjunction with its municipal function.

12.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK maintained said police department.

13.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK managed said police department.

14.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK controlled said police department.

15.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its

3

agent in the area of law enforcement and for which it is ultimately responsible. The Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

16.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK, its servants, agents and/or employees employed police officers, detectives, and other personnel, to work as representatives of THE CITY OF NEW YORK.

17.     At all relevant times, the New York City Police Department employed the defendant Police Officers more fully identified below.

18.     Defendant P.O. JONATHAN EGGERS (Tax Registry No. 940122) is and was at all times relevant herein, duly appointed and an acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

19.     Defendant P.O. EGGERS is and was at all times relevant herein acting under color of State Law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK and the New York City Police Department.

20.     Defendant P.O. EGGERS is and was at all times relevant herein acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of their duties.

21.     On or about January 30, 2010 the individual defendant P.O. EGGERS was on duty and assigned to the 100th Precinct and serving under Tax Registry No. 940122, in the County of Queens, City and State of New York.

22.    The Defendant, P.O. EGGERS is and was at all times relevant herein, duly appointed and acting as an officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

23.    Defendant P.O. EGGERS is and was at all times relevant herein acting under color of State Law in the course and scope of his duties and functions as officer, agent, servant, and employee of defendant THE CITY OF NEW YORK and the New York City Police Department and was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

24.    In the alternative, the individual defendant P.O. EGGERS was, at all relevant times, acting outside the scope of his employment.

25.    Defendant DETECTIVE GARY MAZZEI (Tax Registry No. Unknown at this Time) is and was at all times relevant herein, duly appointed and an acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

26.    Defendant DETECTIVE GARY MAZZEI is and was at all times relevant herein acting under color of State Law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK and the New York City Police Department.

27.    Defendant DETECTIVE GARY MAZZEI is and was at all times relevant herein acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF

NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of their duties.

28.     On or about January 30, 2010 the individual defendant DETECTIVE GARY MAZZEI was on duty and assigned to the 101st Precinct and serving under Tax Registry No. Unknown at this Time, in the County of Queens, City and State of New York.

29.     The Defendant, DETECTIVE GARY MAZZEI is and was at all times relevant herein, duly appointed and acting as an officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

30.     Defendant DETECTIVE GARY MAZZEI is and was at all times relevant herein acting under color of State Law in the course and scope of his duties and functions as officer, agent, servant, and employee of defendant THE CITY OF NEW YORK and the New York City Police Department and was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

31.     In the alternative, the individual defendant DETECTIVE GARY MAZZEI was, at all relevant times, acting outside the scope of his employment.

32.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK, employed police officers, known herein as POLICE OFFICERS "JOHN DOE" 1-3, said names being fictitious and presently unknown, to work as representatives of THE CITY OF NEW YORK.

33.     That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK, had the duty to ensure that the actions, activities and behavior of its said servants, agents,

police officers, detectives and/or employees conform to a certain standard of conduct established by law for protection of others against unreasonable risk of harm.

34.    That at all times hereinafter mentioned, the Defendant THE CITY OF NEW YORK, had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

35.    That at all times hereinafter mentioned, the Defendants POLICE OFFICERS "JOHN DOE" 1-3, said names being fictitious and presently unknown, were servants, agents, employees and/or representatives of the Defendant THE CITY OF NEW YORK.

36.    Defendant, THE OFFICE OF THE DISTRICT ATTORNEY OF QUEENS COUNTY, is an agency of the defendant, THE CITY OF NEW YORK.

37.    Defendant, THE OFFICE OF THE DISTRICT ATTORNEY OF QUEENS COUNTY, maintains a principal office at 125-01 Queens Boulevard, Kew Gardens, New York 11415.

38.    At all times relevant, defendant THE CITY OF NEW YORK employed the individual defendant, DISTRICT ATTORNEY RICHARD A. BROWN.

39.    At all times relevant, defendant THE OFFICE OF THE DISTRICT ATTORNEY OF QUEENS COUNTY employed the individual defendant, DISTRICT ATTORNEY RICHARD A. BROWN.

40.    At all times relevant, defendant DISTRICT ATTORNEY RICHARD A. BROWN was a local officer of the CITY OF NEW YORK pursuant to Public Officers Law, Section 2.

41.    At all times relevant, defendant, DISTRICT ATTORNEY RICHARD A. BROWN was an agent of the CITY OF NEW YORK.

42.    At all times relevant, defendant, DISTRICT ATTORNEY RICHARD A. BROWN was acting under the color of State Law.

43.    At all times relevant, defendant, DISTRICT ATTORNEY RICHARD A. BROWN was acting both in his individual and official capacity as an employee and agent of defendant, THE CITY OF NEW YORK.

44.    At all times relevant, defendant, DISTRICT ATTORNEY RICHARD A. BROWN was acting both in his individual and official capacity as an employee and agent of defendant, THE OFFICE OF THE DISTRICT ATTORNEY OF QUEENS COUNTY.

45.    At all times relevant, defendant, THE OFFICE OF THE DISTRICT ATTORNEY OF QUEENS COUNTY employed the individual defendant, ASSISTANT DISTRICT ATTORNEY "JOHN DOE".

46.    At all times relevant, defendant, ASSISTANT DISTRICT ATTORNEY "JOHN DOE" was a local officer of the CITY OF NEW YORK pursuant to Public Officers Law, Section 2.

47.    Notwithstanding the unconstitutional and unlawful conduct, the actions of the individually named defendants were taken in the course of their duties and were incidental to their otherwise lawful functions as agents, servants and employees of THE CITY OF NEW YORK.

48.    At all times relevant, defendant, TOQUANA BAKER, (hereinafter "BAKER") was and is a natural person and a citizen of the United States, domiciliary in the State of New York and County of Queens.

8

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

49.     Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

50.     The claims arose on January 30, 2010 at approximately 10:30 P.M., within Plaintiffs' apartment and place of residence known as and designated as 31-09 Seagirt Avenue, Apartment Number 2, Far Rockaway, County of Queens, City and State of New York.

51.     That on or about January 30, 2010 at approximately 10:30 P.M. of the night, plaintiffs, CAROLYN BROWN and MARLON BOBBITT, were falsely and unlawfully arrested, falsely and unlawfully imprisoned, falsely and unlawfully detained,  by defendant, CITY OF NEW YORK, by its agents, servants and/or employed while they were lawfully within their home.

52.     That plaintiff, CAROLYN BROWN, a diabetic and wheel-chair bound person, with an ulcerated foot and a central pic line in her right arm, was falsely and unlawfully arrested while in her home in Far Rockaway, New York in front of her children.

53.     That plaintiff, MARLON BOBBITT, was falsely and unlawfully arrested while in his home in Far Rockaway, New York in front of his children.

54.     That upon information and belief, the arrest was predicated upon a complaint made by defendant, TOQUANA BAKER.

55.     That plaintiff, CAROLYN BROWN, was falsely accused of shouting, in substance, "Get that bitch" referring to defendant, TOQUANA BAKER, from as vehicle being driven by an unapprehended other, on January 30, 2010 at approximately 10:20 P.M. at the

intersection of Beach 67th Street and Beach Channel Drive, County of Queens, State of New York.

56.      That plaintiff, MARLON BOBBITT, was falsely accused of pushing defendant, TOQUANA BAKER, up against a fence, spinning her around and pointing what appeared to be a black semi-automatic pistol at her, then choking her around her neck, pulling out her earrings and ripping a necklace from her neck, then getting back into the vehicle and driving off with CAROLYN BROWN and an unapprehended other, on January 30, 2010 at approximately 10:20 P.M. at the intersection of Beach 67th Street and Beach Channel Drive, County of Queens, State of New York.

57.      That on the date and time of the incident, plaintiff CAROLYN BROWN was not at the intersection of Beach 67th Street and Beach Channel Drive, County of Queens, State of New York.

58.      That on the date and time of the incident, plaintiff MARLON BOBBITT was not at the intersection of Beach 67th Street and Beach Channel Drive, County of Queens, State of New York.

59.      That wheelchair bound plaintiff CAROLYN BROWN had not shouted at nor had any contact with defendant TOQUANA BAKER on the date of the incident, or any other date.

60.      That plaintiff MARLON BOBBITT had not had any contact with defendant TOQUANA BAKER, nor touched her, threatened her, choked her, grabbed her, nor displayed a semi-automatic pistol at her, on the date of the incident, or any other date.

61.      That defendant, TOQUANA BAKER, instigated and directed the arrest of plaintiffs CAROLYN BROWN and MARLON BOBBITT.

62.    That defendants, THE CITY OF NEW YORK, by its agents, servants and/or employees, P. O. EGGERS, DETECTIVE GARY MAZZEI, and POLICE OFFICERS "JOHN DOE" 1-3, instigated and directed the arrest of plaintiffs CAROLYN BROWN and MARLON BOBBITT.

63.    That defendants, THE CITY OF NEW YORK, by its agents, servants and/or employees, P. O. EGGERS, DETECTIVE GARY MAZZEI, and POLICE OFFICERS "JOHN DOE" 1-3, instigated and directed the arrest of plaintiffs CAROLYN BROWN and MARLON BOBBITT without any reasonable probable cause to believe that wheelchair bound plaintiff, CAROLYN BROWN, committed any crime against defendant TOQUANA BAKER.

64.    That defendants, THE CITY OF NEW YORK, by its agents, servants and/or employees, P. O. EGGERS, DETECTIVE GARY MAZZEI, and POLICE OFFICERS "JOHN DOE" 1-3, instigated and directed the arrest of plaintiffs CAROLYN BROWN and MARLON BOBBITT without any reasonable probable cause to believe that plaintiff, MARLON BOBBITT, committed any crime against defendant TOQUANA BAKER.

65.    That the arrest was initiated and continued without probable cause to believe any crime had been committed by the plaintiffs CAROLYN BROWN and MARLON BOBBITT.

66.    That wheelchair bound plaintiff CAROLYN BROWN was arrested in her home, physically lifted out of her wheelchair and handcuffed by defendants P. O. EGGERS and DETECTIVE GARY MAZZEI and POLICE OFFICERS "JOHN DOE" 1-3, while being intimidated, falsely arrested, falsely imprisoned, falsely detained, all without just or probable cause by members of the New York City Police Department, inclusive of the police officers as referenced herein.

67.    Plaintiff, CAROLYN BROWN, was then falsely arrested and falsely imprisoned on false charges designed to cover the unlawful conduct of the aforesaid police officers and detained against her will, without probable cause, and handcuffed for a period of twenty four (24) hours in a holding cell in the 100 Police Command, with her right arm above her head, causing the central pic line in her arm to be ripped out.

68.    Plaintiff CAROLYN BROWN was deprived of life saving medications, as she was a diabetic and suffered from an ulcerated right foot and MRSA infection in the bone, having been discharged front St. Luke's Roosevelt hospital within four days of the false and unlawful arrest.

69.    That plaintiff MARLON BOBBITT was arrested in his home and handcuffed by defendants P. O. EGGERS and DETECTIVE GARY MAZZEI and POLICE OFFICERS "JOHN DOE" 1-3, while being intimidated, falsely arrested, falsely imprisoned, falsely detained, all without just or probable cause by members of the New York City Police Department, inclusive of the police officers as referenced herein.

70.    Plaintiff, MARLON BOBBITT, was then falsely arrested and falsely imprisoned on false charges designed to cover the unlawful conduct of the aforesaid police officers and detained against his will, without probable cause, and handcuffed for a period of twenty four (24) hours in a holding cell in the 100 Police Command.

71.    That on the 30th day of January, 2010, the wheelchair bound plaintiff, CAROLYN BROWN, was unlawfully seized, was never told why she was being arrested, deprived of life saving medications, as she was a diabetic and suffered from an ulcerated right foot and MRSA infection in the bone, having been discharged front St. Luke's Roosevelt hospital within four days of the false and unlawful arrest by said police officers, detectives and/or agents of the police

department of the defendant THE CITY OF NEW YORK, while she was lawfully present in her home in front of her children.

72.    That on the 30th day of January, 2010, the plaintiff, MARLON BOBBITT, was unlawfully seized, was never told why he was being arrested, was falsely and unlawfully arrested by said police officers, detectives and/or agents of the police department of the defendant THE CITY OF NEW YORK, while he was lawfully present in his home in front of his children.

73.    That on the 30th day of January, 2010, the wheelchair bound plaintiff, CAROLYN BROWN, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, deprived of life-saving medication, maliciously prosecuted, wrongfully taken into custody and wrongfully imprisoned, while lawfully present in her home in front of her children.

74.    That on the 30th day of January, 2010, the wheelchair bound plaintiff, CAROLYN BROWN, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, deprived of life-saving medication, maliciously prosecuted, wrongfully imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents and/or servants of the police department of Defendant, THE CITY OF NEW YORK, while lawfully present in her home in front of her children, and continuing thereafter at other locations.

75.    That on the 30th day of January, 2010, the plaintiff, MARLON BOBBITT, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, maliciously prosecuted, wrongfully taken into custody and wrongfully imprisoned, while lawfully present in his home in front of his children.

76.     That on the 30th day of January, 2010, the plaintiff, MARLON BOBBITT, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, maliciously prosecuted, wrongfully imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents and/or servants of the police department of Defendant, THE CITY OF NEW YORK, while lawfully present in his home in front of his children, and continuing thereafter at other locations.

77.     That on the 30th day of January, 2010, the wheelchair bound plaintiff, CAROLYN BROWN, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, deprived of life-saving medication, maliciously prosecuted, wrongfully imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents and/or servants of the police department of Defendant, P.O. EGGERS, while lawfully present in her home in front of her children, and continuing thereafter at other locations.

78.     That on the 30th day of January, 2010, the wheelchair bound plaintiff, CAROLYN BROWN, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, deprived of life-saving medication, maliciously prosecuted, wrongfully imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents and/or servants of the police department of Defendant, DETECTIVE GARY MAZZEI while lawfully present in her home in front of her children, and continuing thereafter at other locations.

79.     That on the 30th day of January, 2010, the wheelchair bound plaintiff, CAROLYN BROWN, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, deprived of life-saving medication, maliciously prosecuted, wrongfully

imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents and/or servants of the police department of Defendants, DETECTIVE GARY MAZZEI acting in concert with P.O. EGGERS and Defendants POLICE OFFICERS "JOHN DOE" 1-3, a gang of police officers, said names being fictitious and presently unknown while lawfully present in her home in front of her children, and continuing thereafter at other locations.

80.    That on the 30th day of January, 2010, the plaintiff, MARLON BOBBITT, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, deprived of life-saving medication, maliciously prosecuted, wrongfully imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents and/or servants of the police department of Defendant, P.O. EGGERS, while lawfully present in his home in front of his children, and continuing thereafter at other locations.

81.    That on the 30th day of January, 2010, the plaintiff, MARLON BOBBITT, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, maliciously prosecuted, wrongfully imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents and/or servants of the police department of Defendant, DETECTIVE GARY MAZZEI while lawfully present in his home in front of his children, and continuing thereafter at other locations.

82.    That on the 30th day of January, 2010, the plaintiff, MARLON BOBBITT, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, detained, restrained, maliciously prosecuted, wrongfully imprisoned, taken into custody and wrongfully imprisoned, photographed, manhandled by a gang of police officers, detectives and/or agents

and/or servants of the police department of Defendants, DETECTIVE GARY MAZZEI acting in concert with P.O. EGGERS and Defendants POLICE OFFICERS "JOHN DOE" 1-3, a gang of police officers, said names being fictitious and presently unknown while lawfully present in his home in front of his children, and continuing thereafter at other locations.

83.    That the foregoing occurrences and the resulting injuries to the Plaintiff CAROLYN BROWN was caused solely by reason of the carelessness, negligence, false imprisonment, intentional infliction of emotional distress, abuse of process, malicious prosecution, deprivation of life-saving medication, false arrest, on the part of the police department of Defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the Plaintiff contributing thereto.

84.    That the foregoing occurrences and the resulting injuries to the Plaintiff CAROLYN BROWN was caused solely by reason of the carelessness, negligence, false imprisonment, false arrest, deprivation of life-saving medication, intentional infliction of emotional distress, abuse of process, malicious prosecution, on the part of the Defendants POLICE OFFICER EGGERS acting in concert with Defendants DETECTIVE GARY MAZZEI acting in concert with P.O. EGGERS and Defendants POLICE OFFICERS "JOHN DOE" 1-3, a gang of police officers, said names being fictitious and presently unknown, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the Plaintiff contributing thereto.

85.    That the foregoing occurrences and the resulting injuries to the Plaintiff MARLON BOBBITT was caused solely by reason of the carelessness, negligence, false imprisonment, intentional infliction of emotional distress, abuse of process, malicious

prosecution, false arrest, on the part of the police department of Defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the Plaintiff contributing thereto.

86.    That the foregoing occurrences and the resulting injuries to the Plaintiff MARLON BOBBITT was caused solely by reason of the carelessness, negligence, false imprisonment, false arrest, intentional infliction of emotional distress, abuse of process, malicious prosecution, on the part of the Defendants POLICE OFFICER EGGERS acting in concert with Defendants DETECTIVE GARY MAZZEI acting in concert with P.O. EGGERS and Defendants POLICE OFFICERS "JOHN DOE" 1-3, a gang of police officers, said names being fictitious and presently unknown, in violation of the Plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the Plaintiff contributing thereto.

87.    Plaintiff, MARLON BOBBITT, was then falsely arrested and falsely imprisoned on false charges designed to cover the unlawful conduct of the aforesaid police officers and detained against his will, without probable cause, and handcuffed for a period of twenty four (24) hours in a holding cell in the 100 Police Command.

88.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT were subsequently charged as acting in concert and arraigned on the following offenses of 1 count PL 160.15 -4 Robbery in the First Degree-an armed felony offense; 1 count PL 160.10-1 Robbery in the Second Degree; and 1 count PL 160.10-2B Robbery in the Second Degree-an armed felony offense.

89.    Plaintiffs pled not guilty through court appointed counsel and both were released on their own recognizance with a full order of protection to stay away from defendant TOQUANA BAKER and to appear on the next court date of February 24, 2010 in Part AP6 in Queens Criminal Court for the City of New York.

90.    Defendant TOQUANA BAKER resided at the same address as Plaintiffs at 31-09 Seagirt Avenue, Far Rockaway, New York, but in a different and separate apartment.

91.    Plaintiffs had to relocate to a homeless shelter in Queens and wheel-chair bound Plaintiff CAROLYN BROWN was deprived of life-saving medication for the MRSA infection in her right foot and was denied medical care and treatment.

92.    At numerous court appearances in Criminal Court, thereafter on June 15, 2010, all the charges were dismissed as legally insufficient, as there was no basis for such claims and no evidence to support such crimes committed by the Plaintiffs, CAROLYN BROWN and MARLON BOBBITT.

93.    Said incident has caused severe, personal and permanent injuries to the Plaintiff CAROLYN BROWN, since she was unable to retrieve her medication from her residence following the unlawful arrest and having been prevented from returning to her home, the MRSA infection spread through the bones in her right ankle and leg subsequently necessitating the surgical removal of her right leg and foot, of the negligence, carelessness, recklessness, and gross negligence of the CITY OF NEW YORK and the New York City Police Department, and their agents, servants, and/or employees, the Defendants POLICE OFFICER EGGERS acting in concert with Defendants DETECTIVE GARY MAZZEI acting in concert with P.O. EGGERS and  Defendants POLICE OFFICERS "JOHN DOE" 1-3, a gang of police officers, said names being fictitious and presently unknown and defendant TOQUANA BAKER.

94.    Said incident has caused severe, personal and permanent injuries to the Plaintiff MARLON BOBBITT, following the unlawful arrest and having been prevented from caring for his ill wife CAROLYN BROWN, through the negligence, carelessness, recklessness, and gross negligence of the CITY OF NEW YORK and the New York City Police Department, and their agents, servants, and/or employees, the Defendants POLICE OFFICER EGGERS acting in concert with Defendants DETECTIVE GARY MAZZEI acting in concert with P.O. EGGERS and Defendants POLICE OFFICERS "JOHN DOE" 1-3, a gang of police officers, said names being fictitious and presently unknown and defendant TOQUANA BAKER.

95.    Furthermore, Plaintiff CAROLYN BROWN has suffered a myriad damages and puts forth a claim for pain and suffering, mental anguish, emotional distress, psychological trauma resulting in nervousness, anxiety, fear, sleeplessness and nightmares, embarrassment, humiliation, degradation and shame, diminished reputation, malicious prosecution, and false arrest; in addition, damage incurred by her personal reputation and character has resulted in a loss of quality and/or enjoyment of life, including the loss of her right leg and right foot.

96.    Furthermore, Plaintiff MARLON BOBBITT has suffered a myriad damages and puts forth a claim for pain and suffering, mental anguish, emotional distress, psychological trauma resulting in nervousness, anxiety, fear, sleeplessness and nightmares, embarrassment, humiliation, degradation and shame, diminished reputation, malicious prosecution, and false arrest; in addition, damage incurred by his personal reputation and character has resulted in a loss of quality and/or enjoyment of life.

97.    Henceforth, the Plaintiffs' inalienable civil rights as citizens of the United States of America, put forth and implemented under the Constitution of the State of New York and The United States of America, were negligently violated and all other damages to which Plaintiffs are

entitled by case law and statute all to their damage in the sum of TEN MILLION DOLLARS ($10,000,000.00).

98.    This action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, including the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988 and the rights under the Constitution and laws of the State of New York.

99.    Each and all of the acts of the defendants herein were done by the police department of the Defendant, THE CITY OF NEW YORK, its servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and City of New York, and under the authority of their office as police officers of said City and State.

100.    Each and all of the acts of the defendants herein were done by the Defendants POLICE OFFICERS "JOHN DOE" 1-3, a gang of police officers, said names being fictitious and presently unknown, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and City of New York, and under the authority of their office as police officers of said City and State.

101.    That by reason of the foregoing, this wheel-chair bound Plaintiff CAROLYN BROWN was severely injured and damaged, rendered sick, sore, lame and disabled, sustained the subsequent amputation of her right foot and right leg, was denied life-saving medication and treatment, pain, discomfort, soreness, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such

injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff will be unable to pursue her usual duties with the same degree of efficiency as prior to this occurrence, all to her great damage.

102.    That by reason of the foregoing, this Plaintiff MARLON BOBBITT was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; and Plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

103.    That this action falls within one or more of the exceptions set forth in CPLR § 1602.

104.    That by reason of the foregoing, Plaintiffs CAROLYN BROWN and MARLON BOBBITT have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees..

**SECOND CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**US CONSTITUTION AND 42 U.S.C. § 1983 BY P.O. EGGERS**

105.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

106.    As a result of defendant's aforementioned conduct by Defendant P.O. EGGERS' conduct and action, Plaintiffs CAROLYN BROWN and MARLON BOBBITT were subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be

falsely arrested, falsely imprisoned, illegally detained, confined, wrongfully incarcerated and maliciously prosecuted by the Defendants in a criminal proceeding, without any probable cause, privilege or consent.

107.    As a result of defendant's aforementioned conduct by Defendant P.O. EGGERS' conduct and action, in arresting, imprisoning Plaintiff CAROLYN BROWN, and in failing to intercede on behalf of Plaintiff to protect her from unjustified and unconstitutional treatment, Defendant P.O. EGGERS', acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

108.    As a result of the foregoing, Plaintiff CAROLYN BROWN's liberties were restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

109.    As a result of defendant's aforementioned conduct by Defendant P.O. EGGERS' conduct and action, in arresting, imprisoning Plaintiff MARLON BOBBITT, and in failing to intercede on behalf of Plaintiff to protect him from unjustified and unconstitutional treatment, Defendant P.O. EGGERS', acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of

the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

110.    As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

**THIRD CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**US CONSTITUTION AND 42 U.S.C. § 1983**
**BY DEFENDANT DETECTIVE GARY MAZZEI**

111.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

112.    As a result of defendant's aforementioned conduct by Defendant DETECTIVE GARY MAZZEI's conduct and action, Plaintiffs CAROLYN BROWN and MARLON BOBBITT were subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely arrested, falsely imprisoned, illegally detained, confined, wrongfully incarcerated and maliciously prosecuted by the Defendants in a criminal proceeding, without any probable cause, privilege or consent.

113.    As a result of defendant's aforementioned conduct by Defendant DETECTIVE GARY MAZZEI's conduct and action, in arresting, imprisoning Plaintiff CAROLYN BROWN, and in failing to intercede on behalf of Plaintiff to protect her from unjustified and unconstitutional treatment, Defendant DETECTIVE GARY MAZZEI's, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with

deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

114.    As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

115.    As a result of defendant's aforementioned conduct by Defendant DETECTIVE GARY MAZZEI's conduct and action, in arresting, imprisoning Plaintiff MARLON BOBBITT, and in failing to intercede on behalf of Plaintiff to protect him from unjustified and unconstitutional treatment, Defendant DETECTIVE GARY MAZZEI's, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

116.    As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

## FOURTH CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## US CONSTITUTION AND 42 U.S.C. § 1983
## BY DEFENDANTS POLICE OFFICERS "JOHN DOE" 1-3

117.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

118.    As a result of defendant's aforementioned conduct by Defendants POLICE OFFICERS "JOHN DOE" 1-3's conduct and action, Plaintiffs CAROLYN BROWN and MARLON BOBBITT were subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely arrested, falsely imprisoned, illegally detained, confined, wrongfully incarcerated and maliciously prosecuted by the Defendants in a criminal proceeding, without any probable cause, privilege or consent.

119.    As a result of defendant's aforementioned conduct by Defendant Defendants POLICE OFFICERS "JOHN DOE" 1-3's conduct and action, in arresting, imprisoning Plaintiff CAROLYN BROWN, and in failing to intercede on behalf of Plaintiff to protect her from unjustified and unconstitutional treatment, Defendants POLICE OFFICERS "JOHN DOE" 1-3's, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

120.    As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to

handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

121.    As a result of defendant's aforementioned conduct by Defendants POLICE OFFICERS "JOHN DOE" 1-3's conduct and action, in arresting, imprisoning Plaintiff MARLON BOBBITT, and in failing to intercede on behalf of Plaintiff to protect him from unjustified and unconstitutional treatment, Defendants POLICE OFFICERS "JOHN DOE" 1-3's, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

122.    As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, and he was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and was otherwise damaged and injured.

### FIFTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND
### 42 U.S.C. § 1983 BY THE CITY OF NEW YORK

123.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

124.   At all times material to this complaint, Defendant the CITY OF NEW YORK and the New York City Police Department, acting through Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 had in effect and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendant.

125.   At all times material to this complaint, Defendant the CITY OF NEW YORK and the New York City Police Department failed to properly train, screen, supervise or discipline its police officers, including Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3. Defendant THE CITY OF NEW YORK and the New York City Police Department failed to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants, thereby permitting Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 to be in a position to violate Plaintiffs' CAROLYN BROWN and MARLON BOBBITT's constitutional rights.

126.   Defendant the CITY OF NEW YORK and the New York City Police Department, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant the CITY OF NEW YORK and the New York City Police Department are aware of the persistent and substantial risk of improper arrest, treatment, and detention of persons, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances, which involve such potential danger to the constitutional rights of citizens, those which are officially tolerated by defendant the CITY OF NEW YORK and the New York City Police Department.

Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to Plaintiffs, in violation of Plaintiffs' rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

127.    As a result of the foregoing, Plaintiffs' liberties were restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and were otherwise damaged and injured.

**SIXTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON THE MALICIOUS PROSECUTION BY AND THROUGH THE INITIATION OF THE CRIMINAL PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983**

128.    Plaintiff CAROLYN BROWN repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

129.    As a result of the aforedescribed actions, including the initiation of the criminal prosecution of the plaintiff CAROLYN BROWN, without probable cause, the defendants, P.O. EGGERS, DETECTIVE GARY MAZZEI, DISTRICT ATTORNEY RICHARD A. BROWN, and ASSISTANT DISTRICT ATTORNEY "JOHN DOE", deprived plaintiff, CAROLYN BROWN, of the rights, privileges and immunities secured by the Constitution and laws of the United States and the Fourteenth Amendment.

130.    As a result of the aforedescribed actions, these defendants deprived plaintiff CAROLYN BROWN, of the right to be free from unreasonable search and seizures secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments.

131.    As a result of the aforedescribed actions, these defendants deprived plaintiff CAROLYN BROWN, of her right to liberty without due process of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.132.

132.    The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

133.    The aforedescribed acts of these defendants were intentional, willful, malicious, and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

134.    Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff CAROLYN BROWN.

135.    Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

136.    Notwithstanding the perjurious and fraudulent conduct of the defendants, the criminal proceedings were terminated in Plaintiff CAROLYN BROWN's favor.

**SEVENTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON THE MALICIOUS PROSECUTION BY AND THROUGH THE INITIATION OF THE CRIMINAL PROSECUTION WITHOUT PROBABLE CAUSE  UNDER 42 U.S.C. § 1983**

137.    Plaintiff MARLON BOBBITT repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

138.    As a result of the aforedescribed actions, including the initiation of the criminal prosecution of the plaintiff MARLON BOBBITT, without probable cause, the defendants, P.O.

EGGERS, DETECTIVE GARY MAZZEI, DISTRICT ATTORNEY RICHARD A. BROWN, and ASSISTANT DISTRICT ATTORNEY "JOHN DOE", deprived plaintiff, MARLON BOBBITT, of the rights, privileges and immunities secured by the Constitution and laws of the United States and the Fourteenth Amendment.

139.    As a result of the aforedescribed actions, these defendants deprived plaintiff MARLON BOBBITT, of the right to be free from unreasonable search and seizures secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments.

140.    As a result of the aforedescribed actions, these defendants deprived plaintiff MARLON BOBBITT, of his right to liberty without due process of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.132.

141.    The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

142.    The aforedescribed acts of these defendants were intentional, willful, malicious, and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

143.    Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff MARLON BOBBITT.

144.    Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

145.    Notwithstanding the perjurious and fraudulent conduct of the defendants, the criminal proceedings were terminated in Plaintiff MARLON BOBBITT's favor.

### EIGHTH CAUSE OF ACTION
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

146.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

147.    Defendants issued legal process to place Plaintiffs under arrest.

148.    Defendants arrested Plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

149.    Defendants acted with intent to do harm to Plaintiffs CAROLYN BROWN and MARLON BOBBITT, without excuse or justification.

150.    As a result of the foregoing, Plaintiffs' CAROLYN BROWN and MARLON BOBBITT, liberties were restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and were otherwise permanently damaged and permanently injured.

### NINTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING,
### RETENTION, SUPERVISION AND TRAINING

151.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

152.    That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly hired applicants for the position of Police Officer and Assistant District Attorney.

153.    That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly trained applicants for the position of Police Officer and Assistant District Attorney.

154.    That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of its police officers and Assistant District Attorneys.

155.    That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, by its agents, servants and/or employees caused, permitted and allowed its police officers and Assistant District Attorneys to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

156.    That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, by its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, police officers clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

157.    That at the time and place aforesaid, the defendant CITY OF NEW YORK, by its agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally falsely arrested, imprisoned and maliciously prosecuted plaintiffs CAROLYN BROWN and MARLON BOBBITT causing serious personal harm and damages to plaintiffs with knowledge that they had not committed any crimes and without any evidence to believe they had committed any crimes.

158.    That the occurrence and damages sustained by plaintiffs, CAROLYN BROWN and MARLON BOBBITT, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendant, CITY OF NEW YORK, its agents, servants and/or employees as set forth above, without any provocation on the part of the plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers and Assistant District Attorneys.

159.    As a result of the foregoing, Plaintiffs' CAROLYN BROWN and MARLON BOBBITT, liberties were restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, suffered psychological injury and emotional distress, suffered permanent and debilitating injuries, costs and expenses, and were otherwise permanently damaged and permanently injured.

160.    As a result of the foregoing, plaintiffs have suffered damages.

## TENTH CAUSE OF ACTION
## FALSE ARREST and FALSE IMPRISONMENT

161.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

162.    By the actions described above, Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, falsely arrested or caused to be falsely arrested Plaintiffs without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendant were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

163.    By the actions described above, Defendants THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 falsely arrested or caused to be falsely arrested Plaintiffs without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

164.    As a result of the foregoing, Plaintiffs CAROLYN BROWN and MARLON BOBBITT were deprived of their liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENCE

165.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

166.    Defendants THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 negligently caused injuries, emotional distress and damage to the Plaintiffs. The acts and conduct of the Defendants were the direct and proximate cause of injuries to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

167.    Defendants THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 negligently caused injuries, emotional distress and damage to the Plaintiffs. The acts and

conduct of the Defendants were the direct and proximate cause of injury to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

168.   As a result of the foregoing, Plaintiffs CAROLYN BROWN and MARLON BOBBITT were deprived of their liberty, suffered psychological injuries and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

**TWELFTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL HARM**

169.   Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

170.   Defendant THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 negligently caused emotional distress and damage to Plaintiffs CAROLYN BROWN and MARLON BOBBITT.

171.   Defendants THE CITY OF NEW YORK and and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 negligently caused emotional distress and damage to Plaintiffs CAROLYN BROWN and MARLON BOBBITT.

172.   The acts and conduct of the Defendants were the direct and proximate cause of emotional injuries to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

173.   As a result of the foregoing, Plaintiffs CAROLYN BROWN and MARLON BOBBITT were deprived of their liberty, suffered psychological injuries and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CAUSE OF ACTION

174.   Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

175.   Defendants' conduct towards Plaintiff CAROLYN BROWN was so outrageous and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

176.   Defendants' acted with the desire to cause Plaintiff CAROLYN BROWN mental distress or acted under circumstances known to them which made it substantially certain that they would cause such mental distress.

177.   Defendants acted with utter disregard of the consequences of their actions.

178.   As a result of the foregoing, Plaintiff CAROLYN BROWN has sustained severe and disabling permanent physical injuries, debilitating emotional and psychological distress, anguish, anxiety, fear, embarrassment, degradation, shock, debasement, pain, suffering, loss of reputation and humiliation.

179.   As a result of the foregoing, Plaintiff CAROLYN BROWN demands judgment against defendants, THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, in their official and

individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

180.   Defendants' conduct towards Plaintiff MARLON BOBBITT was so outrageous and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community.

181.   Defendants' acted with the desire to cause Plaintiff MARLON BOBBITT mental distress or acted under circumstances known to them which made it substantially certain that they would cause such mental distress.

182.   Defendants acted with utter disregard of the consequences of their actions.

183.   As a result of the foregoing, Plaintiff MARLON BOBBITT has sustained severe and disabling permanent physical injuries, debilitating emotional and psychological distress, anguish, anxiety, fear, embarrassment, degradation, shock, debasement, pain, suffering, loss of reputation and humiliation.

184.   As a result of the foregoing, Plaintiff MARLON BOBBITT demands judgment against defendants, THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, in their official and individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## FOURTEENTH CAUSE OF ACTION

185.   Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

186.   Upon information and belief, defendant THE CITY OF NEW YORK, through the defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 of the New York City Police Department owed a duty of care to these Plaintiffs to prevent the physical and mental abuse sustained by Plaintiffs CAROLYN BROWN and MARLON BOBBITT.

187.   Upon information and belief, defendant THE CITY OF NEW YORK, through defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3 of the New York City Police Department, owed a duty of care to these Plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to this Plaintiff CAROLYN BROWN and Plaintiff MARLON BOBBITT or to those in a like situation would probably result from this conduct.

188.   As a result of the foregoing, Plaintiff CAROLYN BROWN demands judgment against defendants, THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, in their official and individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

189.   As a result of the foregoing, Plaintiff MARLON BOBBITT demands judgment against defendants, THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, in their official and individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## FIFTEENTH CAUSE OF ACTION
### 42 U.S.C. § 1985(3) CONSPIRACY WITH RACIAL ANIMUS

190.   Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

191.   Upon information and belief, Defendant THE CITY OF NEW YORK, through the Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, in their official and individual capacity of the New York City Police Department, in their official and individual capacity, acting individually and in concert, and in conspiracy with one another, and under color of law, and with others, the individual defendants and with others, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten, and intimidate Plaintiffs in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to thenm by the Constitution including the rights: to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures; to associate and speak freely; to have access and seek redress in the courts; and to be free from false arrest, false imprisonment, and the delay and/or denial of medical attention.

192.   As a result of the foregoing, Plaintiff CAROLYN BROWN demands judgment against defendants, THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, in their official and individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

193.   As a result of the foregoing, Plaintiff MARLON BOBBITT demands judgment against defendants, THE CITY OF NEW YORK and Defendants P.O. EGGERS, DETECTIVE GARY MAZZEI and Defendants POLICE OFFICERS "JOHN DOE" 1-3, in their official and

individual capacity, in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

**SIXTEENTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON THE MALICIOUS PROSECUTION BY AND THROUGH THE CONTINUATION OF THE CRIMINAL PROSECUTION WITHOUT PROBABLE CAUSE**

194.    Plaintiffs MARLON BOBBITT and CAROLYN BROWN repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

195.    As a result of the aforedescribed actions, including the continuation of the criminal prosecution of the plaintiffs MARLON BOBBITT and CAROLYN BROWN , without probable cause, the defendants, P.O. EGGERS, DETECTIVE GARY MAZZEI, DISTRICT ATTORNEY RICHARD A. BROWN, and ASSISTANT DISTRICT ATTORNEY "JOHN DOE", deprived plaintiffs, MARLON BOBBITT and CAROLYN BROWN, of the rights, privileges and immunities secured by the Constitution and laws of the United States and the Fourteenth Amendment.

196.    As a result of the aforedescribed actions, these defendants deprived plaintiffs MARLON BOBBITT and CAROLYN BROWN, of the right to be free from unreasonable search and seizures secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments.

197.    As a result of the aforedescribed actions, these defendants deprived plaintiffs MARLON BOBBITT and CAROLYN BROWN, of their right to liberty without due process of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.132.

198.    The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

199.    The aforedescribed acts of these defendants were intentional, willful, malicious, and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

200.    As a result of the foregoing, plaintiffs MARLON BOBBITT and CAROLYN BROWN have suffered damages.

## SEVENTEENTH CAUSE OF ACTION
## MUNICIPAL LIABILITY

201.    Plaintiffs CAROLYN BROWN and MARLON BOBBITT repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

202.    Defendants arrested and incarcerated Plaintiff CAROLYN BROWN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberties, well-being, safety and constitutional rights.

203.    Defendants arrested and incarcerated Plaintiff MARLON BOBBITT in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberties, well-being, safety and constitutional rights.

204.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

205.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of the City of New York and New York City Police Department, all under the supervision of ranking officers of said department.

206.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

     a)     fabricating evidence against innocent persons erroneously arrested.
     b)     arresting innocent persons wrongfully apprehended.
     c)     arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

207.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al.,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

208.    The foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

209.    The foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

210.    The foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

211.    As a result of the foregoing customs, customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiffs were incarcerated unlawfully.

212.    Defendants, collectively and individually, while acting under color of State Law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

213.    Defendants, collectively and individually, while acting under color of State Law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs 'constitutional rights.

214.    All of the foregoing acts by defendants deprived Plaintiffs CAROLYN BROWN and MARLON BOBBITT of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from seizure and arrest not based upon probable cause;

      C.    To be free from unwarranted and malicious criminal prosecution;

      D.    Not to have cruel and unusual punishment imposed upon them; and

      E.    To receive equal protection under the law.

215.    That by reason of the foregoing, Plaintiffs CAROLYN BROWN and MARLON BOBBITT have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

## THE ITEMS OF DAMAGE OR INJURIES CLAIMED

216.    That by reason of the foregoing, Plaintiffs, MARLON BOBBITT and CAROLYN BROWN, were severely injured and damaged, sustained personal injuries, trauma, mental distress and other injuries; their civil rights were violated and CAROLYN BROWN sustained medical expenses.

217.    Plaintiff CAROLYN BROWN was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries, and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

218.    Plaintiff MARLON BOBBITT was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries, and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

219.    Plaintiff CAROLYN BROWN suffered a deprivation of her civil rights and liberty, was falsely arrested, falsely imprisoned, denied and deprived lifesaving medication and medical treatment, humiliated, embarrassed, unlawfully detained, falsely arrested, wrongfully detained, maliciously prosecuted, suffered emotional harm, shock, was falsely imprisoned without judicial process, loss of reputation in the community, loss of self esteem, fear and anxiety as a result of this incident.

220.    Plaintiff MARLON BOBBITT suffered a deprivation of his civil rights and liberty, was falsely arrested, falsely imprisoned, humiliated, embarrassed, unlawfully detained, falsely arrested, wrongfully detained, maliciously prosecuted, suffered emotional harm, shock, was falsely imprisoned without judicial process, loss of reputation in the community, loss of self-esteem, fear and anxiety as a result of this incident.

221.    Plaintiff MARLON BOBBITT felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the Police Officers from the 100th New York City Police Precinct.

222.    Plaintiff CAROLYN BROWN felt grave fear and intimidation for her safety and well being by virtue of the intentional, deliberate and malicious acts of the Police Officers from the 100th New York City Police Precinct.

223.    That by reason of the foregoing, Plaintiffs CAROLYN BROWN and MARLON BOBBITT, have been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

**WHEREFORE,** Plaintiffs CAROLYN BROWN and MARLON BOBBITT demand judgment against all the Defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action, together with costs, disbursements and attorney's fees of this action, and with interest from the date of this occurrence.

Dated: November 28, 2012
          Brooklyn, New York

Respectfully submitted,

**LAW OFFICES OF PAMELA S. ROTH, ESQ. P.C.**
Counsel for the Plaintiffs

By: Pamela S. Roth, Esq. **(PR7124)**
  9118 Fifth Avenue
  Brooklyn, New York 11209
  (718) 836-9118